IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATOYA N. PETERS O/B/O,
MINOR CHILD, K.R.,

        Plaintiff,                No. CIV S-09-1891 KJM

   vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.             ORDER
_____/

        Plaintiff's motion for an award of attorney's fees is pending before the court. Plaintiff seeks fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), in the amount of $8,190, based on 45.0 hours of attorney time and an hourly rate of $182.00. Defendant does not contest that plaintiff is entitled to an award of fees under EAJA but contends that the hourly rate claimed is excessive and that the amount of hours claimed is unreasonable.

        The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).

/////

1

1        Defendant contends the hourly rate claimed by plaintiff exceeds the rate allowed under EAJA.  See 28 U.S.C. § 2412(d)(2)(A).  At the direction of the court, defendant has submitted evidence supporting the calculation of hourly rates, using the CPI-U for the western region, the region in which attorney services in this case were performed.  The appropriate hourly rate for services provided in 2009 is $174.89; the appropriate hourly rate for 2010 is $176.27.  See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463 (9th Cir. 1988).

        Defendant also contends that the hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues plaintiff spent time on issues which were not the basis of remand and that plaintiff should have focused instead on the preliminary issue of whether remand was appropriate under AR 04-1(9), which ultimately was the basis on which the parties stipulated to a voluntary remand.  Defendant also contends the claimed fifteen hours for preparation of the motion for attorneys' fees and reply is excessive.

        In reviewing the transcript, plaintiff's briefing on the motion for summary judgment and order granting remand in this case, the briefing on the motion for attorneys' fees and the time expended on tasks as set forth in plaintiff's schedule of hours, the court has determined the hours claimed are unreasonable and a reduction in the number of hours compensated is warranted.  The court notes counsel represented plaintiff at the administrative level and raised the same arguments at the administrative level as were raised in the motion for summary judgment.  Administrative Transcript 9, 78; Docket No. 15.  Although the court is sympathetic to the needs of plaintiff's counsel to ensure issues are not waived by failing to raise them before the district court, in this case it appears much of the time spent briefing the issues in the motion for summary judgment recapitulated matters that had already been raised by plaintiff's counsel at the administrative level and thus did not require a great expenditure of time.

Moreover, plaintiff's counsel failed to raise the issue of AR 04-1(9),[1] which required remand of this matter no matter what other issues were raised by plaintiff, as recognized by defendant.  As to the amount of time claimed in connection with the attorneys' fees motion, fifteen hours spent on a routine motion raising no novel issues is excessive.

The court therefore will reduce the number of hours compensated to fifteen hours for preparation of the motion for summary judgment and four hours for preparation of the motion for attorneys' fees and one hour for the reply.  Calculating at the rates set forth above, plaintiff will be compensated fifteen hours for work performed in 2009 in the amount of $2,623.35 and five hours for work performed in 2010 in the amount of $881.35 for a total amount of $3,504.70.  Because plaintiff's counsel has submitted no evidence of a valid assignment of EAJA fees to counsel, the court will direct the fees be paid to plaintiff, and not to plaintiff's counsel.

Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $3,504.70.

DATED: June 24, 2010.

_____
U.S. MAGISTRATE JUDGE

006
peters.fee

---

[1] Acquiescence Ruling 04-1(9) applies to claimants within the Ninth Circuit and provides in pertinent part: "[f]or cases that are subject to this Ruling, ALJs and AAJs [Administrative Appeals Judges] (when the Appeals Council makes a decision) must make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as identified by the ALJ or AAJ) evaluates the case of the individual.